Glenna Butler, Chair Arkansas Towing and Recovery Board P.O. Box 8285 Searcy, AR 72145
Dear Ms. Butler:
I am writing in response to your request for my opinion on two questions that I will paraphrase as follows:
 1. Is there a conflict between A.C.A. 27-50-1101 and the Arkansas Crime Information Center (ACIC) regulation dictating that only an ACIC form be used to provide written verification that abandoned or unattended vehicles have not been reported stolen?
2. Does ACIC have authority to charge $10 per written verification?
RESPONSE
In my opinion, the answer to your first question is "no," although an ACIC-prescribed form that has not been adopted by an agency authorized to provide verification that a vehicle has not been reported stolen will not suffice to pass new, unencumbered title to a towed vehicle sold at auction. Your question is somewhat misleading in that the regulation at issue provides only that ACIC may provide towing and storage firms "vehicle information" for a fee. It does not dictate that the information be provided on an ACIC-prescribed form, although I am informed that ACIC is currently using a form of its own devising to report whether a vehicle has been reported stolen. Subsection 12-12-211(a)(2) of the Code authorizes ACIC to adopt policies and regulations for the release of "noncriminal history records," and A.C.A. § 12-12-203(a)(4) authorizes the ACIC board to prescribe "standard forms and procedures for reporting authorized data." Accordingly, ACIC may prescribe a standardized form to report verification information. However, A.C.A. §§ 27-50-1101 and -1209 mandate that, in order to pass unencumbered title to a towed vehicle sold at auction, ACIC information verifying that the vehicle has not been reported stolen be reported on a form prescribed by any of various agencies that do not include ACIC. The Code appears to envision that towing and storage firms, rather than directly approaching ACIC for verification to support passing unencumbered title to a towed vehicle following an auction, will seek such verification only from the statutorily authorized agencies, which can presumably access the information by computer. It follows that standardized ACIC forms, unless adopted by the various agencies authorized to prescribe verification forms, do not meet the authentication requirements under subchapters 11 and 12 of chapter 50 of title 27 of the Code. However, nothing would preclude either the agencies authorized to provide verification from adopting an ACIC form or ACIC from adopting various agency forms. I believe the answer to your second question is in all likelihood "yes," although this question might be moot because under current law an ACIC "written verification" does not qualify as sufficient documentation to support the nonjudicial sale of unclaimed towed vehicles.
Question 1: Is there a conflict between A.C.A. 27-50-1101 and theArkansas Crime Information Center (ACIC) regulation dictating that onlyan ACIC form be used to provide written verification that abandoned orunattended vehicles have not been reported stolen?
I should initially address what I take to be one confusing aspect of your request. You preface your question by reciting not only A.C.A. §27-50-1101, which deals with the form of verification required to support the sale of a vehicle towed at the behest of the owner of property on which a vehicle has been abandoned, but also A.C.A. §§ 27-50-1209 and -1210, which deal with the form of verification required to support the sale at auction of a vehicle towed, usually from public property, by order of a law enforcement officer.[1] Notwithstanding the fact that your specific question refers only to the first of these statutes, my inquiries confirm what your earlier reference to both subchapters 11 and 12 of chapter 50 of title 27 of the Code suggests — namely, that you wish to know whether the ACIC regulation for verifying that a vehicle has not been reported stolen conflicts with the procedures required to provide such verification under either subchapter 11 or subchapter 12. Accordingly, I will address both subchapters in the ensuing discussion.
I must further question your suggestion that the ACIC regulation at issue "dictat[es] that only an ACIC form be used to provide written verification that abandoned or unattended vehicles have not been reported stolen." I am informed that the applicable regulation is section 3(f) of the ACIC System Regulations, which provides:
 Vehicle Information. Pursuant to Act 1830 of 2001, Section 6(c), ACIC may provide vehicle information to towing and storage firms for a fee of ten dollars ($10.00) per record check.
The referenced Act 1830 of 2001, Section 6(c), added to the Code A.C.A. § 27-50-1209(c), which provides:
 (1) The towing and storage firm shall obtain written verification that the Arkansas Crime Information Center records do not list the vehicle as having been reported stolen.
 (2) The verification shall be on a form prescribed by the Office of Motor Vehicle, a municipal police department, a county sheriff's department, or the Department of Arkansas State Police.
Notwithstanding the contrary suggestion in your question, nothing in ACIC System Regulation 3(f) mandates using an ACIC-prescribed form to verify that a vehicle has not been reported stolen. Furthermore, nothing in A.C.A. § 27-50-1209(c) supports the suggestion that written verification on an ACIC-prescribed form would suffice to support issuing new, unencumbered title to a towed vehicle sold at auction. On the contrary, subsection (c)(2) of the statute expressly provides that the form shall be "prescribed by the Office of Motor Vehicle, a municipal police department, a county sheriff's department, or the Department of Arkansas State Police." If you are asking, then, whether providing an ACIC-prescribed form verifying that a vehicle has not been reported stolen would fulfill the documentation requirement to support issuing unencumbered title on that vehicle when sold at auction, I believe the answer is "no," unless either the agency authorized to prescribe the form for such verification adopts the ACIC form as its own or ACIC adopts the agency's form as its own.
The foregoing is not meant to suggest that ACIC lacks independent authority to provide verification information on a form of its own devising to towing and storage firms that ask for it, although it is unclear what use a towing and storage firm would have for such information since it would not support passing unencumbered title to a towed vehicle sold at auction. Subsection 12-12-203 of the Code provides in pertinent part:
 (a) The duties and responsibilities of the Supervisory Board for the Arkansas Crime Information Center are to:
* * *
 (4) Provide for uniform reporting and tracking systems to report data authorized by this subchapter. Standard forms and procedures for reporting authorized data under this subchapter shall be prescribed by the board[.]
Subsection 12-12-211(a)(2) of the Code further provides: "Release of other noncriminal history records shall be in accordance with policies and regulations established by the supervisory board." However, notwithstanding the fact that the board has the authority to prescribe standardized forms, such forms will not qualify as acceptable substitutes for the forms expressly catalogued at A.C.A. § 27-50-1209 as the only authorized documentation to support foreclosing a possessory lien that has attached to a vehicle towed upon the order of a law enforcement officer. Subsection 27-50-1210(c)(1) of the Code, as amended byAct 841 of 1997,[2] expressly provides that presenting such authorized documentation to the Department of Motor Vehicle is required as a condition of issuing a purchaser at auction new, unencumbered title to the auctioned vehicle.
The same conclusion applies with respect to vehicles towed pursuant to subchapter 11 of chapter 50 of title 27 of the Code. Subsection27-50-1101(a)(5) of the Code, which you reference in the specific question that follows your recitation of statutes from both subchapters 11 and 12, requires that before a towing firm may auction off a towed vehicle, it must provide verification from ACIC records that the vehicle has not been reported stolen "on a form prescribed by the Arkansas State Highway and Transportation Department, a municipal police department, a county sheriff's department, or the Department of the Arkansas State Police." Subsection 27-50-1101(a)(6) further requires that this documentation be produced before a purchaser at auction can obtain clear title to the vehicle.[3] Again, nothing in these statutes suggests that an ACIC-prescribed verification form that has not been adopted by one of the agencies listed in the statute will suffice as verification sufficient to warrant selling a towed vehicle at auction and issuing new, unencumbered title to the purchaser.
Simply put, then, regardless of whether one refers to subchapter 11 or subchapter 12 of chapter 50 of title 27 of the Code, ACIC cannot without the approval of an agency statutorily authorized to prescribe a verification form supply documentation sufficient to support the sale and the passing of unencumbered title. This conclusion suggests that there may be a procedural impropriety in what my inquiries suggest is the common practice of having a representative of a towing firm approach ACIC for verification to be submitted as documentation in support of the issuance of clear title to an auctioned vehicle. Although it may be more convenient for towing and storage firms to obtain verification directly from ACIC — a proposition I am not in a position to test — A.C.A. §§27-50-1101 and 27-50-1209 require the verification to be on forms prescribed by other agencies.
In summary, I believe nothing precludes ACIC upon request from issuing verification forms of the sort discussed above. However, the legislature has not yet designated such forms as adequate documentation to support the disposition by auction of a vehicle towed under either subchapter 11 or 12 of chapter 50 of title 27 of the Code. In my opinion, it may be that an authorized agency could simply "prescribe" an ACIC form as its own or, conversely, that ACIC could adopt a form prescribed by an authorized agency, thereby possibly simplifying the verification process. However, I believe legislative clarification on this issue is warranted.
Question 2: Does ACIC have authority to charge $10 per writtenverification?
Subsection 12-12-214(a) of the Code (Repl. 1999) provides:
 The Arkansas Crime Information Center is authorized to charge fees to other governmental units in order to reimburse the Arkansas Crime Information Center for expenditures made on behalf of the other governmental units.
(Emphasis added.) As the highlighted language indicates, this statute authorizes ACIC to charge fees only to "governmental units" that request information in the course of performing their official functions — a practice I am informed ACIC has adopted. Accordingly, this statute would support ACIC's charging fees to the agencies authorized in subchapters 11 and 12 of chapter 50 of title 27 of the Code to prescribe forms documenting that a vehicle has not been reported stolen. I am unaware of any statutory authority that would enable the agencies to pass this fee on to a towing and storage firm requesting the information.
The question remains, however, whether some other statute might support ACIC's charging towing and storage firms a fee to provide verification on a form prescribed by ACIC. In my opinion, although no statute directly affords ACIC this authority, it may well be implicit in A.C.A. §12-12-211(a)(2), which empowers ACIC to "[r]elease noncriminal history records . . . in accordance with policies and regulations established by the supervisory board," with A.C.A. § 12-12-203(a)(4), which empowers the ACIC board to prescribe "[s]tandard forms and procedures for reporting authorized data under this subchapter . . .," and with A.C.A. §12-12-203(a)(5), which empowers ACIC to "[e]stablish such regulations and policies as may be necessary for the efficient and effective use and operation of the information center under the limitations imposed by the terms of this subchapter[.]" Among these authorized procedures might be charging a reasonable fee to defray the cost of providing the information. However, under current law, an ACIC-prescribed verification form would not meet the documentation requirement imposed on towing and storage firms in order to support the passing of unencumbered title following an auction sale of a towed vehicle. See response to question 1.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] I discussed the scope of subchapter 12 of chapter 50 of title 27 of the Code in detail in Ark. Op. Att'y Gen. No. 2003-338, which I am issuing to you simultaneously herewith.
[2] The amendment was actually to then subsection (b)(3) of the statute, which was redesignated (c)(1) pursuant to Act 1830 of 2001.
[3] With respect to the issue of verification, subchapters 11 and 12 differ in two significant respects. First, A.C.A. § 27-50-1101(a)(5) identifies the Arkansas State Highway and Transportation Department as the sole non-law enforcement agency authorized to prescribe verification forms that will support passing unencumbered title to vehicles auctioned under subchapter 11, whereas A.C.A. § 27-50-1209(c)(2) suggests that the Office of Motor Vehicle is the sole non-law enforcement agency authorized to do so under subchapter 12. Second, A.C.A. § 27-50-1101(a)(6) indicates that a buyer at auction under subchapter 11, in order to obtain unencumbered title, must present appropriate documentation regarding notice and verification to the nearest revenue office, whereas A.C.A. §27-50-1210(c)(1) indicates that a buyer proceeding under subchapter 12 must provide such documentation to the Office of Motor Vehicle. As noted, none of these provisions authorizes any agency to pass unencumbered title to a buyer at auction based in part on an ACIC form verifying that the vehicle has not been reported stolen.